THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| GUSTAVO HERNANDEZ-LOPEZ, | ) | |
| | ) | |
| | ) | Case No. 2:17 CV 920 DS |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM DECISION ADDRESSING 28 U.S.C. § 2255 MOTION |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## INTRODUCTION

Mr. Gustavo Hernandez-Lopez, the petitioner in the instant case, plead guilty to "knowingly and intentionally possess[ing] with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin," and was sentenced to 120 months in prison on August 24, 2016. Case No. 2:15-cr-00691-DS-1, ECF No. 34, 74, 93. As part of his plea agreement, he also agreed to waive his right to appeal and stated that he was satisfied with his counsel. *Id.* at ECF No. 74.

Despite his agreement, Mr. Hernandez-Lopez filed a pro se appeal of his sentence, arguing that his counsel was ineffective for both allowing him to sign an agreement that waived

his right to appeal as well as for an alleged failure to contest the drug quantity. *United States v. Hernandez-Lopez*, 694 F. App'x 651 (10th Cir. 2017). The Tenth Circuit, however, ruled that ineffective counsel claims should be brought in collateral proceedings and denied the appeal. *Id*. at 652.

Now before the court is Mr. Hernandez-Lopez's 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Sentence based on essentially the same grounds. ECF No. 1. His motion claims ineffective assistance regarding the waiver of appeal contained in his plea deal and failure to contest the drug quantity that he pled guilty to. *Id*. at 6.

## DISCUSSION

The Supreme Court has held that there is a one-year statute of limitations for any § 2255 motion. *See Dodd v. United States*, 545 U.S. 353, 357. Mr. Hernandez-Lopez executed this motion on August 7, 2017, just under a year from when his judgment was entered on August 24, 2016. ECF No. 1 at 9. His motion, therefore, is timely.

28 U.S.C.A. § 2255(b) states that notice of the motion must be served on the United States attorney's office "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Mr. Hernandez-Lopez's claims are all negated by his failure to provide evidence as well as his plea agreement itself, and the court finds that he is indeed entitled to no relief in this instance. *See* Case No. 2:15-cr-00691-DS-1, ECF No. 34.

Plea agreements are generally binding. The United States Supreme Court has made this abundantly clear:

> "(A) plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, **must stand unless** induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their

nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)."

*Brady v. United States*, 397 U.S. 742, 755 (1970) (internal quotations omitted, emphasis added). Therefore, only a plea that has been invalidated by failure to disclose consequences, threats, misrepresentations, etc. is "open to collateral attack." *See Machibroda v. United States*, 368 U.S. 487, 493 (1962).

This has also been reaffirmed by the Tenth Circuit, which said in *United States v. Falcon-Sanchez* that "[a] plea agreement waiver of post-conviction rights is 'generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.'" 416 F. App'x 728, 729 (10th Cir. 2011) (quoting *United States v. Cockerham,* 237 F.3d 1179, 1183 (10th Cir.2001)). And in regards to policy, the Supreme Court has stated that, "[s]olemn declarations in open court carry a strong presumption of verity," and that guilty pleas should be "accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 72-4 (U.S. 1977).

The Supreme Court has further held that "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney.'" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Acting under *Strickland*, the Tenth Circuit has stated that such ineffectiveness of counsel can be determined "only by showing that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Phillips v. Carver*, No. 94-4165 2, 3 (10th Cir. 1995).

There is nothing in Mr. Hernandez-Lopez's § 2255 motion to show that this is the case. He has made no effort to argue that his plea agreement is invalid. ECF No. 1. He has not argued a failure by counsel to warn him of the "direct consequences," nor that anything untoward (threats, misrepresentation, improper promises, etc.) induced him to make this deal. *See id*. In

fact, he makes no arguments whatsoever to support his bare claims of ineffective counsel. *Id*. Rather, Mr. Hernandez-Lopez (in filing this petition) filled out a pre-set form. In it, his claims were laid out in a total of four sentences, with no facts or evidence or other allegations to back them up. ECF No. 1 at 6.

A District of Utah court has held that "[c]onclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of the petitioner that a guilty plea was knowing[] and voluntary." *Velasco v. United States*, No. 2:08-CV-62 TS 15 (D. Utah, 2009). Given the entire lack of evidence or support in Mr. Hernandez-Lopez's motion, the allegations here are indeed only conclusory.

Even the original plea agreement itself and its acceptance before the court provided an opportunity for the defendant to raise his questions and concerns. Case No. 2:15-cr-00691-DS-1, ECF No. 74 at 5, 6. However, Mr. Hernandez-Lopez stated on the record that he understood his "right to ask the Court any questions" but affirmed that he "[had] no additional questions." *Id*. at 5, 6. The court has no information regarding whether Mr. Hernandez-Lopez raised these specific concerns about his ability to appeal or the drug amount with his counsel. Nevertheless, it is clear that he was given the opportunity to raise them with both counsel and the court. He did not, and made the agreement regardless, and has now failed to provide any evidence that his plea was not voluntary.

## CONCLUSION

For the above reasons, the court finds that Mr. Hernandez-Lopez's plea agreement should be enforced and that his 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Sentence be denied.

SO ORDERED.

Dated this 4th day of April, 2018

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT