THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GUSTAVO HERNANDEZ-LOPEZ, | |
| Petitioner, | Case No. 2:17-CV-00920-DS |
| v. | |
| THE UNITED STATES OF AMERICA | MEMORANDUM DECISION DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Mr. Gustavo Hernandez-Lopez requests that the court issue a Certificate of Appealability (COA) to facilitate his appeal of this court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Case No. 2:17-CV-920-DS. Mr. Hernandez-Lopez plead guilty to "knowingly and intentionally possess[ing] with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin" and was sentenced to 120 months in prison on August 24, 2016. Case No. 2:15-cr-00691-DS-1, ECF No. 34, 74, 93. His plea agreement included an agreement to waive his right to appeal and stated that he was satisfied with his counsel. *Id.* at ECF No. 74. To appeal to the Tenth Circuit Court of Appeals, Mr. Hernandez-Lopez must obtain a COA. The district court determines that a COA should not be issued to Mr. Hernandez-Lopez.

# DISCUSSION

Requirements for appeal of habeas petitions are set forth in 28 U.S.C. § 2253. Section 2253(c) is specific to COA and establishes that prisoners in habeas corpus and § 2255 cases have the opportunity to appeal only by making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The COA must be issued by a circuit (or district) judge, and should clearly identify the specific issue to be appealed. *See* 28 U.S.C. § 2253(c)(B). The district court will issue or deny a COA when it enters a final order adverse to the applicant, and the judge shall either issue the certificate or state the reasons for its denial. Fed.R.App.P. 22(b). *See* U.S.C.S. Sec. 2254 Cases R 11(a), *United States v. Higley*, No. 17-1111 (10th Cir. Mar. 9, 2018) (unpublished). If issued, the court will state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If denied, the parties may not appeal the denial but may seek a certificate from the court of appeals. Fed.R.App.P. 22(b). Appeal must be timely; a motion to reconsider a denial does not extend the time to appeal. Fed.R.App.P. 4(a).

Mr. Hernandez-Lopez proceeds *pro* se and the court has construed his pleadings liberally. *Cummings v. Evans*, 161 F.3d 610 (10th Cir. 1998). Mr. Hernandez- Lopez claims that his counsel was ineffective for (1) allowing him to sign an agreement that waived his right to appeal and for (2) an alleged failure to contest the drug quantity. *United States v. Hernandez-Lopez*, 694 F. App'x 651 (10th Cir. 2017). His § 2255 Motion to Vacate, Set Aside, or Correct Sentence is based on these claims. Because the district court bases its decision on the merits of a constitutional claim, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If Mr. Hernandez-Lopez can demonstrate that the district court's decision was wrong, or merely debatable, he will properly show that the § 2253(c) requirement is met. The

assessment of the court will involve "an overview of the claims in the habeas petition and a general assessment of their merits" and not a full examination. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Even construing petitioner's pleadings liberally, the court finds neither his plea nor his § 2255 motion exhibit a substantial showing of the denial of a constitutional right. Mr. Hernandez-Lopez fails to bring an adequate claim of denial, and the 10th Circuit has denied COA in instances where petitioners have far more complete claims than Mr. Hernandez-Lopez has presented. For example, in *Bedford v. Oklahoma*, the petitioner argued that he was denied his constitutional right to due process because (1) he was held in county jail for a year prior to trial, and the state failed to present certain evidence to his attorney and investigator, (2) the Oklahoma district court lacked jurisdiction over his case, and (3) the police illegally searched and seized his belongings. The court concluded that the first claim lacked merit and that the final two claims "failed to demonstrate cause and prejudice or a fundamental miscarriage of justice." *Bedford v. Oklahoma*, 2000 U.S. App. LEXIS 11080, 2000 Colo. J. C.A.R. 2865.

Mr. Hernandez-Lopez claimed only that his counsel was ineffective. He went no further in his petition, provided no factual support, failed to point out any violation of constitutional rights, and failed to state a grievance directly supported by the Constitution. In *United States v.Trinnaman*, the defendant, like Mr. Hernandez-Lopez, was concerned with ineffective counsel and filed a habeas petition under § 2255 to vacate, set aside, or correct his sentence. Unlike Mr. Hernandez-Lopez, the defendant in *Trinnaman* brought an actual claim that his due process rights were violated, pursuant to a COA. The defendant listed five separate constitutional violation claims, including violation of the Fifth and Sixth Amendments, and a Fourth Amendment "issue" specifically tied to his ineffective counsel claim. *United States v.*

*Trinnaman*, 206 Fed. Appx. 834 (10th Cir. 2007). The court found that the inmate's constitutional rights were not denied, and specifically, that he was not denied due process. The majority of his claims were dismissed for lack of merit. There was nothing in the record that indicated the judge's ruling was unreasonable, and the defendant's request for a COA was denied. Consistent with *Slack v. McDaniel*, *Trinnaman* held that to establish an ineffective counsel claim, a defendant must show that the counsel's performance was significantly "deficient and that he was prejudiced by that deficiency." *Id.* at 837. The petitioner in the instant case has not carried this burden.

Concerning plea agreements, the United States Supreme Court established that guilty pleas "must stand" where the individual entering into the plea is fully aware of the consequences, including the "actual value of any commitments made to him by the court, prosecutor, or his own counsel," unless the plea was induced by threats, misrepresentation, or something improperly related to the prosecutor's business such as a bribe. *Brady v. United States*, 397 U.S. 742, 755 (1970). *See Machibroda v. United States*, 368 U.S. 487, 493 (1962). The petitioner failed to demonstrate that he was not fully aware of the consequences of entering into the plea agreement. Furthermore, the court's standard procedure as well as the procedure employed in this particular case ensures the defendant is given full opportunity to accept or reject the agreement and its terms.

## CONCLUSION

Mr. Hernandez-Lopez has not demonstrated that the district court's decision was wrong, or even debatable, thus he has not shown that the § 2253(c) requirement is met.

Mr. Hernandez-Lopez's claims do not have sufficient merit and he does not claim or demonstrate actual showing of a denial of a constitutional right. Further, Mr. Hernandez-Lopez's ineffective counsel claim fails to show that his counsel's performance was significantly "deficient and that he was prejudiced by that deficiency."

Based upon the foregoing reasons, the Court declines to issue a Certificate of Appealability.

SO ORDERED.

DATED this 11th day of June, 2018.

BY THE COURT:

DAVID SAM
Senior Judge
United States District Court